429 S.E.2d 243

**STATE of West Virginia, Plaintiff Below, Appellant,**

v.

**Richard C. SEIBERT, Jr., Defendant Below, Appellee.**

**No. 20931.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 23, 1992.

Decided Dec. 17, 1992.

Richard M. Gutmann, Asst. Atty. Gen., Charleston, for appellant.

Harry A. Smith, III, Jory & Smith, Elkins, for appellee.

BROTHERTON, Justice:

The appellant, the State of West Virginia, files this petition for appeal, arguing that the Randolph County Circuit Court order of July 11, 1991, was erroneous in dismissing Indictment No. 90–F–97 and in refusing to reconsider the dismissal of July 11, 1991, by order entered on November 14, 1991. The appellant also argues that the court erred in dismissing Indictment No. 91–F–13, by order dated October 30, 1991. We agree, and for the reasons stated below, reverse the October 30, 1991, order of the Randolph County Circuit Court insofar as it applies to Indictment No. 91–F–13.

Mr. Seibert, the appellee, was a teacher at the North School in Elkins, West Virginia. This case involves the alleged sexual assault by the appellee of a seven-year-old boy in the appellee's learning disability class. On April 17, 1990, a Randolph County Grand Jury indicted the appellee on one count of first-degree sexual assault under W.Va. Code § 61–8B–3 (1984) and one count of third-degree sexual assault pursuant to W.Va. Code § 61–8B–5 (1984). The grand jury initially declined to indict the appellee, although nothing in the record indicates that a not true bill was returned, as argued by both the appellee and the appellant. During this same grand jury, the prosecutor brought in the investigating State Police officer to testify, and the grand jury then voted to return a true bill on April 17, 1990. This indictment was assigned Indictment No. 90–F–74. However, on April 20, 1990, Judge Nuzum, upon motion filed by the appellee, under seal, ruled that the grand jury did not return an indictment against the appellee, despite the existence of a written indictment identified as Indictment No. 90–F–74. The court simply ruled that an indictment was not returned and ordered it removed from the record by order entered May 17, 1990. The State filed a petition for appeal of that dismissal to this Court, which was refused. Therefore, that matter is not before us.

On September 18 and 19, 1990, the State again presented the charges to another Randolph County grand jury, involving the same incident of alleged sexual assault. During that grand jury period, the grand jury indicted about thirty individuals. Thus, on September 19, 1990, the appellee was indicted on the same charges as contained in the April, 1990, indictment. That indictment was assigned Indictment No. 90–F–97. On October 18, 1990, the appellee filed a motion to dismiss Indictment No. 90–F–97. However, the hearing on the motion to dismiss was delayed pending resolu-

tion of the State's motion to recuse Judge Nuzum.

On January 15, 1991, the State again presented the charges, for a third time, to another Randolph County grand jury. The appellee was again indicted on the same charges of first-degree sexual assault and third-degree sexual assault (Indictment No. 91–F–13), while the September, 1990, indictment (Indictment No. 90–F–97) was still pending. The appellee then filed a motion to dismiss Indictment No. 91–F–13 pursuant to W.Va. Code § 52–2–9 (1981), which states that "[a]lthough a bill of indictment be returned not a true bill, another bill of indictment against the same person for the same offense may be sent to and acted on by the same or another grand jury."

On February 19, 1991, this Court granted the State's motion to recuse Judge Nuzum and appointed Judge Craig Broadwater to preside over this case. Thus, on May 3, 1991, a hearing was held on the allegations raised with respect to the September, 1990, indictment (Indictment No. 90–F–97) regarding prosecutorial misconduct and press coverage of the proceedings witnessed by the grand jury.

■ By order dated July 11, 1991, the trial court dismissed Indictment No. 90–F–97. By second order entered on November 14, 1991, the trial court refused to reconsider the dismissal of Indictment No. 90–F–97 and affirmed the July 11, 1991, order. By order dated October 30, 1991, the court dismissed Indictment No. 91–F–13, based upon its interpretation of W.Va. Code § 52–2–9. The State of West Virginia appeals the orders based upon W.Va. Code § 58–5–30 (1981), which provides the State power to appeal "whenever ... an indictment is held bad or insufficient by the judgment or order of a circuit court, the State, on the application of the ... prosecuting attorney, may obtain a writ of error to secure a review of such judgment or order by the supreme court of appeals." For the reasons stated below, we agree that the trial court erred in dismissing Indictment No. 91–F–13 and, therefore, we reverse the October 30, 1991, order.

The basis for this appeal is the trial court's order of October 30, 1991, based upon its interpretation of W.Va. Code § 52–2–9 (1981), which provides:

Second hearing.

Although a bill of indictment be returned not a true bill, another bill of indictment against the same person for the same offense may be sent to and acted on by the same or another grand jury.

This provision is triggered only when a not true bill has been returned. Here, no not true bills were involved. The first indictment was dismissed, but no reasons were placed on the record. The court merely stated that it found no indictment to have been returned. However, this is patently untrue because an indictment was returned, signed by the grand jury foreman and the prosecutors, given a number, and is in the appellate record. The second indictment was likewise returned by the grand jury, but was dismissed by the court on motion of the appellee. Again, this was a true bill.

■ In *State v. Childers*, 187 W.Va. 54, 415 S.E.2d 460 (1992), we indicated that ordinarily, the dismissal of an indictment on motion of the defendant does not foreclose the prosecutor from procuring a new indictment. In *Childers*, we found on appeal that the State's indictment was defective, but stated in syllabus point 3, in part: "Upon the reversal of a criminal case on appeal, the State is generally not precluded by double jeopardy principles from procuring a new indictment and retrying the defendant...."

Thus, it is clear that both the second and third indictments were properly procured by the prosecutor. Since there had been no not true bills ever returned, it is apparent that W.Va. Code § 52–2–9 has no applicability and the trial court erred in dismissing the third indictment on this basis.

Accordingly, we reverse the October 30, 1991, order of the Circuit Court of Ran-

dolph County and hold that Indictment No. 91–F–13 was improperly dismissed.

Reversed.